UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2003-8** § § § § § § | § | |
| *Plaintiff and Counter-Defendant* § | § | **CIVIL ACTION NO. 4:18-cv-3452** |
| | § | |
| v. § | § | **Jury Trial (Frias)** |
| | § | |
| **DORA A. FRIAS AND MANUEL A. FRIAS** § § | § | |
| *Defendants and Counter-Plaintiffs.* § | § | |

**DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS**

COMES NOW, Dora A. Frias and Manuel A. Frias ("Defendants"), and file this First Amended Answer and Counterclaims to Plaintiff's Original Complaint. The numbered paragraphs in the "Specific Denials" section of this Answer correspond to the numbered paragraphs in Plaintiff's Original Complaint. In the Original Complaint, there are two paragraph 5's, two paragraph 6's, and paragraphs 15 and 16 are skipped. In support of this Answer, Defendants respectfully shows the Court as follows:

**I.**
**SPECIFIC DENIALS**

1. Defendants lack sufficient information to either admit or deny the allegations or conclusions of law contained in this paragraph.

2. Deny.

3. Deny.

4. Admit.

5.      Deny the current payoff of the loan agreement is in excess of $75,000. Admit the remaining allegations.

6.      Admit.

5.      Admit.

6.      Deny that Manuel A. Frias executed the Texas Home Equity Security Instrument. Deny that Manuel A. Frias is a grantor under the Texas Home Equity Security Instrument. Admit the remaining allegations.

7.      Defendants lack sufficient information to either admit or deny the allegations or conclusions of law contained in this paragraph.

8.      Defendants lack sufficient information to either admit or deny the allegations or conclusions of law contained in this paragraph.

9.      Defendants lack sufficient information to either admit or deny the allegations or conclusions of law contained in this paragraph.

10.     Deny.

11.     Defendants admit that Plaintiff is seeking to foreclose, but Defendants deny Plaintiff is entitled to foreclose.

12.     No response is required.

13.     Deny.

14.     Defendants lack sufficient information to either admit or deny the allegations or conclusions of law contained in this paragraph.

17.     No response is required.

18.     Defendants admit that Plaintiff is seeking to foreclose, but Defendants deny Plaintiff is entitled to foreclose.  Deny the remaining allegations.

19.     Defendants lack sufficient information to either admit or deny the allegations or conclusions of law contained in this paragraph.

20.     Defendants lack sufficient information to either admit or deny the allegations or conclusions of law contained in this paragraph.

21.     Deny. The loan agreement is void. Alternatively, Plaintiff has failed to perform under the Loan agreement by complying with the Texas Constitution Art. XVI § 50 (a)(6).

## II.
### AFFIRMATIVE DEFENSES AND AVOIDANCE

1. Defendants affirmatively plead that they are not obligated for payment on the loan secured by the lien because the loan was void at the inception of the real estate settlement. The loan and lien fail to comply with the Texas Constitution Art. XVI § 50 (a)(6).

2. The claims asserted against Defendants are barred in whole because Plaintiff and its predecessors violated the Texas Constitution Article XVI, § 50(a)(6) on its face. Therefore, the subject loan and lien are void.

3. The claims asserted against Defendants are barred in whole or in part because Plaintiff is not the beneficiary of the loan and does not otherwise have standing to foreclose as a real party in interest in this case.

4. The endorsements on the mortgage note are frauds and forgeries, in that the endorsement stamp(s) were created and applied to the note for the sole purposes of filing the law suit and attempting to foreclose on the loan as a calculated and fraudulent business practice.

5. The recorded assignments of the subject loan are void as frauds and forgeries.

6. The claims asserted against Defendants are barred in whole or in part by the doctrine of laches.

7. The claims asserted against Defendants are barred in whole or in part by the doctrine of estoppel.

8. The claims asserted against Defendants are barred in whole or in part by the doctrine of waiver.

9. The claims asserted against Defendants are barred in whole or in part by the doctrine of release.

10. The claims asserted against Defendants are barred in whole or in part by the parol evidence rule.

11. The claims asserted against Defendants are barred in whole or in part by the doctrine of illegality.

12. The claims asserted against Defendants are barred in whole or in part by the doctrine of fraud.

13. The claims asserted against Defendants are barred in whole or in part by the doctrine of fraudulent concealment.

14. The claims asserted against Defendants are barred in whole or in part by Plaintiff's prior material breach.

15. The claims asserted against Defendants are barred in whole or in part by the statute of limitations.

16. Plaintiff failed to mitigate or minimize its purported damages.

## III.
### COUNTERCLAIMS

**A.**   **Facts**

1. On June 9, 2003, Dora A. Frias ("Dora Frias") entered into a Texas home equity loan transaction with the original lender Ameriquest Mortgage Company ("Ameriquest') by obtaining a $85,000 home equity loan secured by the real property at 8810 Storm Wood Street, Houston, TX 77040 (the "Property"). The main documents from closing which memorialize this transaction are the mortgage note ("Note") (Exhibit 1 – Note) and the home equity security instrument ("Security Instrument") (Exhibit 2 – Security Instrument). The Note and Security Instrument together are henceforth the "Loan".  Plaintiff Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificates, Series 2003-8 (in this section the "Counter-Defendant") claims to be the successor in interest to Ameriquest Mortgage Company with regard to the Loan.

2. At the time the Loan closed, Dora Frias was married to Manuel A. Frias ("Manuel Frias"). Dora Frias and Manuel Frias became co-owners of the Property on March 21, 1984 when they received a deed to the Property as husband and wife. Exhibit 3 – 1984 Warranty Deed.  Only Dora Frias was obligated to pay the Note.  Dora Frias is the only person who signed the Note.

3. Dora Frias was told by the title company and Ameriquest she could sign for her husband at the closing on June 9, 2003 which took place at Texas American Title Company. Dora Frias signed her husband's name at the closing on all the closing documents which required his

signature. Manuel Frias was not present at the closing of the Loan on June 9, 2003.

### B. Declaratory Judgment for Violation of the Texas Constitution

4. Dora Frias and Manuel Frias hereby adopt by reference each and every paragraph above from the "Counterclaims" section as if fully and completely set forth herein.

5. The Texas Constitution provides borrowers with protections where a borrower has entered into a loan agreement that contains provisions, requirements, or other defects that are contrary to the Texas Constitution. After receiving service of this pleading, Counter-Defendant has a "reasonable time" to cure the defects identified below as provided by the Texas Constitution in June 2003. *See* TEX. CONST., ART. XVI, § 50(a)(6)(Q)(x) (2001).[1] If Counter-Defendant does not cure within a reasonable time, the Security Instrument becomes void and unenforceable. TEX. CONST., ART. XVI, § 50(c) (2001); *Wood v. HSBC Bank USA, N.A.,* 505 S.W.3d 542, 544 (Tex. 2016).

6. Under article XVI, section 50(a)(6)(A) of the Texas Constitution in effect at the time of the Loan closing, a home equity loan is void unless it is signed by the owner and each owner's spouse. Manuel Frias was not at the June 9, 2003 closing and he did not sign the Security Instrument or any of the other closing documents. Dora Frias was told by the title company and Ameriquest she could sign for her husband. Dora Frias signed her husband's name at the closing on all the closing documents. The Loan is void for violation of article XVI, section 50(a)(6)(A).

7. Under article XVI, sections 50(a)(6)(E) of the Texas Constitution in effect at the time of the Loan closing, the lender may not require the owner or the owner's spouse to pay, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original

---

[1] Under Texas Law, a notice to cure constitutional violations may be made in a pleading. *Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525, 532 (Tex. App.–Dallas, 2014, pet. denied) (citing 7 Tex. Admin. Code § 153.91(a)).

principal amount of the extension of credit or the home equity loan is void. Dora Frias and Manuel Frias were required to pay, in addition to any interest, fees to Ameriquest which were necessary to originate, evaluate, maintain, record, insure, or service the Loan that exceeded, in the aggregate, three percent of $85,000.  The Loan is void for violation of article XVI, sections 50(a)(6)(E).

8.      Under article XVI, section 50(a)(6)(M)(i) of the Texas Constitution in effect at the time of the Loan closing, loans are void if they are closed before the 12th day after the later of the date that the owner of the homestead submits an application to the lender for the extension of credit or the date that the lender provides the owner a copy of the notice prescribed section 50(g).  The Loan was closed on June 9, 2003.  June 9, 2003 was before the 12th day after the later of the date that the Dora Frias submitted an application to Ameriquest for the Loan or the date that Ameriquest provided Dora Frias and Manuel Frias a copy of the notice prescribed section 50(g).  The Loan is void for violation of article XVI, section 50(a)(6)(M)(i).

9.      Under article XVI, sections 50(a)(6)(Q)(v) of the Texas Constitution in effect at the time of the Loan closing, loans are void unless the lender, at the time the extension of credit is made, provides the owner of the homestead a copy of all documents signed by the owner related to the extension of credit.  Neither Dora Frias nor Manuel Frias, at the time the Loan was made, were provided with a copy of all documents signed by either of them related to the extension of credit.  The Loan is void for violation of article XVI, sections 50(a)(6)(Q)(v).

10.     Under article XVI, sections 50(a)(6)(Q)(ix) of the Texas Constitution in effect at the time of the Loan closing, a loan is void unless the owner of the homestead and the lender sign a written acknowledgment as to the fair market value of the homestead property on the date the extension of credit is made.   Dora Frias, Manuel Frias, and Ameriquest did not all sign a written acknowledgment as to the fair market value of the homestead property at the Loan closing.  No

party ever signed a written acknowledgment as to the fair market value related to the Loan. The Loan is void for violation of article XVI, sections 50(a)(6)(Q)(ix).

11. This Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action. Dora Frias and Manuel Frias respectfully request that this Court issue a declaratory judgment specifying all parties' rights and duties in connection with the Note and Security Instrument.

12. Dora Frias and Manuel Frias are entitled to a declaration that (a) declares Counter-Defendant has failed to cure constitutional defects in the Loan documents as described above and (b) declares that the Note and Security Instrument noncompliant with the Texas Constitution and therefore void.

13. Although no limitations period applies to this claim, Dora Frias and Manuel Frias plead the discovery rule in the alternative, which tolls the Texas statute of limitations applicable to claims. Although Dora Frias and Manuel Frias exercised reasonable diligence in attempting to discover the violations, their legal injury was inherently un-discoverable due to Counter-Defendants' conduct, and application of the discovery rule would not disserve public policy.

14. Dora Frias and Manuel Frias further plead in the alternative that this claim is not subject to any limitations since it is a defensive counterclaim to Counter-Defendant's non-judicial foreclosure claim.

C. **Quiet Title for Violation of the Texas Constitution**

15. Dora Frias and Manuel Frias hereby adopt by reference each and every paragraph above from the "Counterclaims" section as if fully and completely set forth herein.

16. Dora Frias and Manuel Frias have an interest in the Property because they are the current owners of the Property with the right to possess the Property and collect rents on the Property.

Texas follows the "lien theory" of mortgages under which a mortgage lender is not the owner of mortgaged property and is not entitled to its possession, rentals or profits. *In re MRI Beltline Indus., L.P.*, 476 B.R. 917, 920 (N.D. Tex. 2012); *Karcher v. Bousquet*, 672 S.W.2d 289, 292 (Tex. App.--Tyler 1984, writ ref'd n.r.e.).

17. Counter-Defendant claims a security interest in the Property by virtue of the Loan which closed on June 9, 2003.

18. Counter-Defendant's claimed security interest in the Property by virtue of the Loan that closed on June 9, 2003, while valid on its face, is actually void and unenforceable due to the uncured violations of the Texas Constitution described above.

19. Although no limitations period applies to this claim, Dora Frias and Manuel Frias plead the discovery rule in the alternative, which tolls the Texas statute of limitations applicable to claims. Although Dora Frias and Manuel Frias exercised reasonable diligence in attempting to discover the violations, their legal injury was inherently un-discoverable due to Counter-Defendants' conduct, and application of the discovery rule would not disserve public policy.

20. Dora Frias and Manuel Frias further plead in the alternative that this claim is not subject to any limitations since it is a defensive counterclaim to Counter-Defendant's non-judicial foreclosure claim.

**D.** **Breach of Contract for Violation of the Texas Constitution**

21. Dora Frias hereby adopts by reference each and every paragraph above from the "Counterclaims" section as if fully and completely set forth herein.

22. The Security Instrument together with the Note constitute a valid contract between Dora Frias and Counter-Defendant.

23. Dora Frias, as a counterparty to both the Security Instrument and the Note, is a proper party

to sue for breach of the Loan.

24. Dora Frias performed, tendered performance of, or was excused from performing her contractual obligations under the Security Instrument and the Note.

25. Page 12 of the Security Instrument states, "It is Lender's and Borrower's intention to conform strictly to provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution."

26. The Security Instrument further specifies:

> All agreements between Lender and Borrower are hereby expressly limited so that in no event shall any agreement between Lender and Borrower, or between either of them and any third party, be construed not to allow Lender a reasonable time to comply, as provided in this Section 19, with Lender's obligations under the Extension of Credit. Borrower understands that the Extension of Credit is being made on the condition that Lender shall have a reasonable time to comply, with any of the provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. As a precondition to taking any action premised on failure of Lender to comply, Borrower will advise Lender of the noncompliance by a notice given as required by Section 14, and will give Lender a reasonable time to comply. Borrower will cooperate in reasonable efforts to effectuate any compliance. Only after Lender has received said notice, has had a reasonable time to comply, and Lender has failed to comply, shall all principal and interest be forfeited by Lender, as required by Section 50(a)(6)(Q)(x), Article XVI of the Texas Constitution in connection with failure by Lender to compl with its obligations under this Extension of Credit.

*See* Exhibit 2, page 12.

27. Page 2 of the Note provides that, "It is the express intention of the Note Holder and me to structure this Extension of Credit to conform to the provisions of the Texas Constitution application to extensions of the credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution."

28. Defendants breached the Security Instrument and Note by failing to comply with the Texas

Constitution at the inception of the Loan in the ways described above and by failing to cure the violations within a reasonable time after receipt of notice of such violations.

29. Dora Frias has been damaged in the amount of all payments of principal and interest that she has made to the Counter-Defendant (and their predecessors) since the inception of the Loan to present. Neither Counter-Defendant nor their predecessors in interest were entitled to receive any of these payments because the lien is void. The Counter-Defendant must reimburse all payments of principal and interest that they received from Dora Frias.

30. Dora Frias pleads the discovery rule, which tolls the Texas statute of limitations applicable to claims. Although Dora Frias exercised reasonable diligence in attempting to discover the violations, her legal injury was inherently un-discoverable due to Counter-Defendants' conduct, and application of the discovery rule would not disserve public policy.

31. Dora Frias pleads the claim in this section is not subject to any limitations since it is a defensive counterclaim to Counter-Defendant's non-judicial foreclosure claim.

## IV.
### TRIAL BY JURY

Dora Frias and Manuel Frias demand a trial by jury on all issues under F.R.C.P. 38.

## V.
### REQUEST FOR RELIEF

Dora Frias and Manuel Frias respectfully requests that Plaintiff take nothing by way of its claims.  By way of their counterclaims, Dora Frias and Manuel Frias request:

- Judgment in favor of Dora Frias and Manuel Frias on all counts;

- Pre-judgment and post judgment interest on such monetary relief;

- An award of Dora Frias and Manuel Frias' reasonable attorney's fees and costs under Tex. Civ. Prac. and Remedies Code §§ 37.009 and 38.001 *et seq.*;

- General and economic damages;

- For Declaratory Relief, including but not limited to the following Decrees of this Court that:
    a. Dora Frias and Manuel Frias are the prevailing party;
    b. The Security Instrument is null and void and of no effect;
    c. Counter-Defendant has no enforceable lien interest against the Property;
    d. Counter-Defendant has no an enforceable unsecured interest in the Note;
    e. Determines all adverse claims to the real property in this proceeding;
    f. Counter-Defendant has no estate, right, title, lien, or interest in or to the real property or any part of the Property.

- After trial or hearing on the merits, Dora Frias and Manuel Frias request a **permanent injunction** forever preventing interference with Dora Frias and Manuel Frias' status as superior title-holder and owner of the Property.

- Such other and further relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Respectfully submitted,

**Jeffrey Jackson & Associates, PLLC**

*/s/   Jeffrey C. Jackson*
**JEFFREY C. JACKSON**
Texas State Bar No. 24065485
Federal Admission. No. 1024221
2200 North Loop West, Suite 108
Houston, Texas 77018
713-861-8833 (T)
713-682-8866 (F)
jeff@jjacksonllp.com

**ATTORNEY FOR DORA FRIAS AND MANUEL FRIAS**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via Certified Mail, Return Receipt Requested, Facsimile and/or the Court's CM/ECF system on February 14, 2019.

**Mark D. Cronenwett**
mcronenwett@mwzmlaw.com
**Philip Danaher**
pdanaher@mwzmlaw.com
MACKIE WOLF ZIENTZ & MANN, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (T)
214-635-2686 (F)
    *Attorneys for Plaintiff*

    */s/  Jeffrey C. Jackson*
    JEFFREY C. JACKSON