**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2003-8,** | § § § § § § § | |
| *Plaintiff and Counter-Defendant,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:18-cv-3452** |
| **DORA A. FRIAS AND MANUEL A. FRIAS,** | § § § | |
| *Defendants and Counter-Plaintiffs.* | § § | |

### PLAINTIFF/COUNTER-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS/COUNTER-PLAINTIFFS' COUNTERCLAIMS

Plaintiff/Counter-Defendant Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificates, Series 2003-8 ("***Deutsche Bank***") files this *Answer and Affirmative Defenses* to the Counterclaims filed by Dora A. and Manuel A. Frias ("***Counter-Plaintiffs***").[1]

### I.     ANSWER

1.     Deutsche Bank admits the allegations in Paragraph 1 of the Counterclaims.

2.     Deutsche Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first two sentences of Paragraph 2 of the Counterclaims. Deutsche Bank admits the facts stated in the third and fourth sentences of Paragraph 2 of the Counterclaims.

---

[1] Doc. 13.

3.      At this time Deutsche Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Counterclaims. To the extent further response is required, Deutsche Bank denies the allegations in Paragraph 3 of the Counterclaims.

4.      No response is required to Paragraph 4 of the Counterclaims.

5.      Regarding Paragraph 5 of the Counterclaims, the Texas Constitution generally, and in particular, Section 50(a)(6) *et seq*. speaks for itself.  To the extent further response is required, Deutsche Bank denies the allegations in Paragraph 5 of the Counterclaims, including any characterizations Counter-Plaintiffs assert regarding what is required or prohibited by the Texas Constitution.

6.      Regarding Paragraph 6 of the Counterclaims, the Texas Constitution generally, and in particular, Section 50(a)(6) *et seq*. speaks for itself.  At this time Deutsche Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second, third, and fourth sentences of Paragraph 6 of the Counterclaims.  Deutsche Bank denies the allegations in the last sentence of Paragraph 6 of the Counterclaims. To the extent further response is required, Deutsche Bank denies the allegations in Paragraph 6 of the Counterclaims.

7.      Regarding Paragraph 7 of the Counterclaims, the Texas Constitution generally, and in particular, Section 50(a)(6) *et seq*. speaks for itself.  Deutsche Bank expressly denies the allegations in the second and third sentences of Paragraph 7 of the Counterclaims.  To the extent further response is required, Deutsche Bank denies the allegations in Paragraph 7 of the Counterclaims.

8.      Regarding Paragraph 8 of the Counterclaims, the Texas Constitution generally, and in particular, Section 50(a)(6) *et seq*. speaks for itself.  At this time Deutsche Bank lacks sufficient knowledge to admit or deny that the Loan closed on or June 9, 2003 as stated in the second sentence of Paragraph 8 of the Counterclaims. Deutsche Bank denies the allegations in the third and fourth sentences of Paragraph 8 of the Counterclaims.

9.      Regarding Paragraph 9 of the Counterclaims, the Texas Constitution generally, and in particular, Section 50(a)(6) *et seq*. speaks for itself.  Deutsche Bank denies the allegations in the second and third sentences of Paragraph 9 of the Counterclaims.

10.      Regarding Paragraph 10 of the Counterclaims, the Texas Constitution generally, and in particular, Section 50(a)(6) *et seq*. speaks for itself.  Deutsche Bank denies the allegations in the second, third, and fourth sentences of Paragraph 10 of the Counterclaims.

11.      Regarding Paragraph 11 of the Counterclaims, Deutsche Bank admits that the Court has authority to issue declaratory judgments.  Deutsche Bank denies that Counter-Plaintiffs are entitled to a declaratory judgment in this lawsuit as alleged in the second sentence of Paragraph 11 of the Counterclaims.

12.      Deutsche Bank denies Counter-Plaintiffs are entitled to the relief sought as stated in Paragraph 12 of the Counterclaims.

13.      Deutsche Bank denies that Counter-Plaintiffs are entitled to a tolling of the statute of limitations applicable to their claim.  Counter-Plaintiffs' claims are barred in whole or part by statute of limitations.  Deutsche Bank denies all other allegations in Paragraph 13 of the Counterclaims.

14.      Deutsche Bank denies that Counter-Plaintiffs are not subject to any limitations and further denies all allegations in Paragraph 14 of the Counterclaims.

15.     Paragraph 15 of the Counterclaim does not require a response.

16.     Regarding Paragraph 16 of the Counterclaims, at this time Deutsche Bank lacks knowledge sufficient to admit or deny that Counter-Plaintiffs are current owners of the property with the right to possession and right to collect rents.   Regarding the second sentence of Paragraph 16, Texas law speaks for itself. Deutsche Bank denies all other allegations in Paragraph 16 of the Counterclaims.

17.     Regarding Paragraph 17 of the Counterclaims, Deutsche Bank admits that it has a security interest in the Property by virtue of the Loan.   At this time Deutsche Bank lacks sufficient knowledge to admit or deny that the loan closing occurred on June 9, 2003.

18.     Deutsche Bank denies the allegations in Paragraph 18 of the Counterclaims.

19.     Deutsche Bank denies the allegations in Paragraph 19 of the Counterclaims.

20.     Deutsche Bank denies the allegations in Paragraph 20 of the Counterclaims.

21.     Paragraph 21 of the Counterclaims does not require a response.

22.     Deutsche Bank admits the allegations in Paragraph 22 of the Counterclaims.

23.     Deutsche Bank denies that there is any merit to Dora Frias' breach of contract claim, but admits that she signed both the Note and Security Instrument and accordingly is a proper party to such a suit.   To the extent further response is necessary, Deutsche Bank denies the allegations in Paragraph 23 of the Counterclaims.

24.     Deutsche Bank denies the allegations in Paragraph 24 of the Counterclaims.

25.     Deutsche Bank admits the allegations in Paragraph 25 of the Counterclaims.

26.     Deutsche Bank admits the allegations in Paragraph 26 of the Counterclaims.

27.     Deutsche Bank admits the allegations in Paragraph 27 of the Counterclaims.

28.     Deutsche Bank denies the allegations in Paragraph 28 of the Counterclaims.

29.     Deutsche Bank denies the allegations in Paragraph 29 of the Counterclaims.

30.     Deutsche Bank denies the allegations in Paragraph 30 of the Counterclaims.

31.     Deutsche Bank denies the allegations in Paragraph 31 of the Counterclaims.

32.     Section IV, Trial by Jury of the Counterclaims does not require a response.

33.     Deutsche Bank denies that Counter-Plaintiffs are entitled to any of the relief stated in Section V, Request for Relief of the Counterclaim. Counter-Plaintiffs have sustained and are entitled to recover no damages.

## II.     <u>AFFIRMATIVE DEFENSES</u>

And now, setting forth their affirmative defenses, without conceding or assuming the burden of proof on any matter, Deutsche Bank states:

34.     Some or all of Counter-Plaintiffs' claims are barred by failure of consideration.

35.     Counter-Plaintiffs' claims are barred, in whole or in part, because Deutsche Bank's conduct was not the producing, nor the proximate, cause of Counter-Plaintiffs' alleged losses, damages, and/or injuries.

36.     Counter-Plaintiffs' claims are barred, in whole or in part, because Counter-Plaintiffs are unable to prove their alleged losses, damages, and/or injuries in accordance with Texas or federal law.

37.     Some or all of Counter-Plaintiffs' claims are barred by their failure to perform their own contractual obligations.

38.     Counter-Plaintiffs have failed to state a claim for which relief can be granted.

39.     Deutsche Bank's acts or omissions were not the cause of injury, damage, or loss to Counter-Plaintiffs, if any.

40.     Some or all of Counter-Plaintiffs' claims are barred, in whole or part, by the applicable statute of limitations.

41.     Some or all of Counter-Plaintiffs' claims are barred, in whole or part, by the doctrine of unclean hands.

42.     Some or all of Counter-Plaintiffs' claims are barred, in whole or part, by waiver.

**WHEREFORE**, Deutsche Bank respectfully prays that Counter-Plaintiffs take nothing by reason of the claims as alleged and, further, that Deutsche Bank recover its attorneys' fees and such other and further relief to which this Court deems it to be justly entitled.

Respectfully submitted,

By: */s/ Daniel P. Troiano*
**EMILY G. STROOPE**
State Bar No. 24070692
estroope@mcglinchey.com
**Daniel P. Troiano**
Texas Bar No. 24106520
dtroiano@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Phone:  214.445.2445
Facsimile:  214.445.2450

and

*/s/ Michael E. Keller*
**Michael E. Keller**
State Bar No. 24087837
Southern District No. 3321436
**FIDELITY NATIONAL LAW GROUP**
1475 Preston Rd., Suite 1150
Dallas TX, 75245
Telephone (972)-812-6407
Facsimile (972)-812-9408
Email: Michael.Keller@fnf.com

*Attorneys for Plaintiff/Counter-Defendant*
*Deutsche Bank National Trust Company, as*
*Trustee for Ameriquest Mortgage Securities Inc.,*
*Asset-Backed Pass Through Certificates, Series*
*2003-8*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2019, pursuant to the Federal Rules of Civil Procedure, a copy of the above and foregoing was served as follows to the following counsel of record:

***Via CM/ECF***
Jeffrey C. Jackson
Jeffrey C. Jackson & Associates, PLLC
2200 North Loop West, Suite 108
Houston, Texas 77018

*Attorneys for Defendants/Counter-Plaintiffs*

***Via CM/ECF***
Mark D. Cronenwett
Philip Danaher
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254

*Co-counsel for Plaintiff/Counter-Defendant*

*/s/ Daniel P. Troiano*
Daniel P. Troiano